Arthur G. ADAMS and William K. Horn, Plaintiffs in Error,

v.

Frank W. LYNCH and Robert E. Leslie, Defendants in Error.

No. 37342.

Supreme Court of Oklahoma.

Oct. 8, 1957.

Green & Feldman, By: Raymond G. Feldman, W. E. Green, William S. Hall, Tulsa, for plaintiffs in error.

Bradford & Watson, H. B. Watson, Jr., Tulsa, for defendants in error.

PER CURIAM.

This action was commenced by defendants in error to recover from the plaintiffs in error the balance due upon a promissory note and to foreclose the chattel mortgage security for the note. The plaintiffs in error answered and cross-petitioned to re-

cover for services rendered by them pursuant to a joint adventure contract between the parties and for damages for breach of the contract by defendants in error. The court rendered judgment for the amount due on the note less a small set-off, with interest and attorney fees, and foreclosed the mortgage security. The plaintiffs in error appeal. The plaintiffs in error claim for damages for breach of contract was disposed of by demurrer to their evidence, of which action by the court no issue is made in this appeal, and we will not burden this opinion with further discussion of that subject.

This action arose out of the association of these parties together in a joint adventure agreement for the exploration and development of oil leases. There is no issue concerning the execution of the note and mortgage, the fact that plaintiffs in error are in default in meeting the periodic payments therein provided, or the amount thereof remaining due and unpaid. The controverted issue is the claim of plaintiffs in error to certain amounts allegedly due them under the terms of the agreement.

Briefly, the facts are that after considerable preliminary negotiations, the parties executed a written contract concerning their joint development of four specified oil leases then owned by defendants in error; that the contract provided that defendants in error would finance the purchase of the equipment selected by plaintiffs in error with which they would drill the leases; that it also provided:

"For and in consideration of the sum of Eight Thousand and No/100 Dollars ($8,000.00) due and payable in accordance with a schedule of payment further set forth in this instrument, the Operator (the plaintiffs in error) agrees to convey and assign a full One-Half (½) Working Interest in their Full Interest in the following oil and gas leases * * *:" (here four specific leases are described)

and:

"Operator agrees to start operations on or before March 1, 1954, drill all wells with due and reasonable diligence and in good and workmanlike manner. For and in consideration of the sum of $8,000.00 mentioned herein Operator agrees to drill the following wells under the following conditions without additional charge to the Non-Operator of the joint account * * *" (here three of the leases are described and the depth of the wells specified)

and:

"Completion operations will be commenced on the Stowe No. 1 on the Stowe lease at the earliest possible date by the Operator with completion costs to be borne equally by Operator and Non-Operator. * * *" (This was a pre-existing abandoned hole which the parties considered to be capable of production and which was located on the fourth of the leases involved)

and:

"The consideration of $8,000.00 will be deposited in escrow * * * and will be payable to the Operator in accordance with the following schedule: * * *" ($3,000.00 on completion of the Stowe well; $2,000.00 for the first and $1,500.00 for the second and third of the other three locations upon reaching the specified depth)

and:

"* * * All costs of future operations will be borne equally by the Operator and Non-Operator. * * *"

That the three leases were drilled and the amount called for by the schedule in the contract paid; that the Stowe well was not completed in that the pre-existing hole was lost by reason of plaintiffs in error losing a drill bit in the hole during preliminary work at an obstruction therein of which they knew when negotiating the co-adventure agreement, but of which they did not inform defendants in error; that, at plaintiffs in errors' insistence on their need for financial help to continue operations, the payment due for "completion operations" on the Stowe well was paid them prior to any work thereon. The court's judgment

did not contain findings of fact, for which there had been no request, but it appears that an amount for "overhead" as provided in the agreement, less credit for frac-oil resold and for which no credit had been allowed defendants in error, was allowed plaintiffs in error before computing the amount due on the note. Defendants in error did not appeal this allowance.

Plaintiffs in error appeal, claiming as a set-off one-half the amounts they assert are authorized charged to the joint adventure by them as its drilling contractor in the work done on these leases, and one-half of the cost of materials and services purchased by them as such contractor. Prior to trial the parties jointly paid certain debts contracted by plaintiffs in error while doing the work on the leases and thereupon the plaintiffs in error reduced their claimed off-set to the extent of this payment by defendants in error. It was also stipulated by the parties that the issue on the cross-petition was in the nature of an accounting between co-adventurers, and the case was tried on this basis. The sole proposition urged on appeal is that the judgment "did not conform to the evidence and varied the terms of the written agreement".

The contract provides that the three described wells were to be drilled by plaintiffs in error without additional cost to defendants in error above the schedule of payments therein set out. This provision was interpreted by the court to mean that all cost not "completion costs" i. e., costs incurred after the hole is drilled to a saturated strata, and in an attempt to complete a producing well, were not an obligation of the defendants in error. We think this is the proper interpretation of the agreement and the one originally intended by the parties. The testimony of defendants in errors' expert witness, after examination of the plaintiffs in errors' statement of charges claimed as a set-off, was that none of the charges attributable to two of the wells drilled and the work at the Stowe well would be considered in the industry as completion costs. He did state that some, but not all, of the charges attributed to the third well drilled would be considered as completion costs. Anticipating our conclusion on the interpretation of the contract, the plaintiffs in error urge that the court erred by varying the written agreement in not allowing them credit for those charges which the expert witness acknowledged were completion costs. This calls in question the credits allowable in the accounting.

 Under the proper interpretation of the agreement many, if not all, of the items charged to the co-adventure by plaintiffs in error of which defendants in error paid their proportionate part to satisfy the third party creditors, were not their responsibility as between the co-adventurers. This payment alone represents as much as the amount plaintiffs in error are justified in claiming as an off-set. In addition, a reasonable conclusion from the expert's testimony is that plaintiffs in error failed to comply with their obligation on the Stowe well, for which they had received payment in advance, thereby establishing another substantial credit to defendants in error. Thus it is demonstrable that there were no credits due plaintiffs in error in striking a balance upon an accounting which might be applied to further reduce their obligation on the promissory note. The judgment of the court is not against the clear weight of the evidence.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.